*Bartley, J.
This is an application for the allowance of a writ of error, to reverse the judgment of the court of common pleas of Cuyahoga county, on an indictment against James Parks, alias James Dickinson, for the crime of murder in the first degree. At the December term of the court of common pleas of Summit county, Parks was convicted on the same indictment, and sentenced to the punishment of death. This judgment having been reversed, on writ of error, in the Supreme Court, and the cause remanded for further proceedings, the venue was changed, and the cause transferred to the common pleas of Cuyahoga county. At the February term, 1855, of the court last mentioned, the cause was again tried, and the accused convicted of the crime of murder in the first degree. And application is now made for the allowance of a writ of error, to reverse the judgment of the common pleas of the county of Cuyahoga, upon the following grounds:
1. That the record does not show that the grand jurors, by whom the indictment was found, had the requisite qualifications of electors; and,
2. That the court of common pleas overruled a motion for a new trial, founded on the fact that one of the petit jurors had, previous to his having been called as a juror, expressed his opinion that the accused was guilty.
It is true, that the statute requires, that the grand jurors should *236 have the qualification of electors of the county; and although it is essential that the record, in a criminal case, should disclose the names of the grand jurors, by whom the indictment was found, it is not requisite that this statutory qualification of the jurors should be alleged. It has been held, that the fact of the want of this qualification in the grand jury, might be set up as a defense, by way of special plea. 17 Ohio. This defense not being involved in the issue made by the plea of. not guilty, it must precede that plea, and can only be made available by special plea. After a verdict for the-state, on the plea of not guilty, as in this case, the accused can not go back and make a question, in ^regard to the qualification of the grand jurors, not apparent on the record.
The other error assigned, is, that the court of common pleas should have granted a new trial, on the ground, that one of the petit jurors had, previous to his having been called on as a juror, expressed his opinion that the prisoner was guilty. The motion for a new trial, however, was not supported by any evidence, showing, by affidavit or otherwise, that the fact of such objection to the juror was unknown to the defendant or his counsel, at the time the jury was impaneled. The defendant was bound to avail himself of every objection to the jurors known at the time of the impaneling of the jury; and he could not be allowed to reserve an objection, of this kind to a juror, until after verdict against him, and then-make it a ground for a new trial. For this reason, it was essential, in order to make this objection to the juror available on the motion for a new trial, that it should have been shown, by affidavit or-otherwise, that the objection was unknown, either to the accused or his counsel, at the time the jury was impaneled.
The allowance of the writ is therefore refused.